IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KEITH HENDERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL NO. 7:14-CV-00208-HL |
| VS. | : | |
| | : | |
| NURSE JACKSON, et al, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Plaintiff **KEITH HENDERSON**, a prisoner confined at Valdosta State Prison in Valdosta, Georgia, has filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983 and moves for leave to proceed in this action without prepayment of the required filing fee. Federal law, however, prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: Leave to proceed *in forma pauperis* may not be granted unless the prisoner

1

is in imminent danger of serious physical injury. Id.

A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has filed a multitude of frivolous and meritless cases in federal court, and that "his status as a three-strikes plaintiff cannot seriously be disputed." Henderson v. Thrash, 1:14-CV-00202-NT, 2014 WL 2944065, at *1 (D. Me. June 30, 2014).[1]  Because of this, Plaintiff may not proceed *in forma pauperis* in the present case unless he can show that he qualifies for the "imminent danger" exception provided in § 1915(g). See Medberry, 185 F.3d at 1193.

In this case, Plaintiff's claims have been filed on a 28 U.S.C. § 2254 application form. Plaintiff cannot, however, evade the limitations of § 1915(g) by using the form for a habeas corpus petition rather than that for a § 1983 complaint.  It is clear from Plaintiff's allegations, and the relief sought, that Plaintiff's pleading is in fact civil complaint for damages.  The pleading, which must be construed liberally and in Plaintiff's favor, lists and describes many of his prior frivolous civil cases and appeals (none of which involve the parties named in this case).  It then alleges that Defendant Nurse Jackson rinsed his ears out with cold water bottles and that Defendant Marty Allen "attempted to murder" Plaintiff "to stop him from ejackculations."  Plaintiff does not make any allegations against the other named defendants,[2] though he does claim that he has been denied medical care for "a host of problems."  He appears to allege that someone violated his rights at

---

1 Plaintiff has in fact been identified as an abusive and vexatious litigant for his filing of numerous actions without a plausible factual or legal basis. The Southern District of Georgia even created a special plan and miscellaneous case file to consolidate Plaintiff's complaints for prescreening in an effort to lessen the impact of his repeated frivolous filings. See In re Keith Henderson, 3:12-mc-002 (Doc. 1) (S.D. Ga. Dec. 18, 2012); In re Henderson, MC 3:12-402, 2014 WL 198996, at *1 (S.D. Ga. Jan. 17, 2014).  Courts thus routinely dismiss his complaints under § 1915(g). See e.g., Henderson v. Wright, No. 3:11–cv–00110–DHB–WLB, at 2–3 & n. 2 (S.D. Ga. Jan. 10, 2012) (citing Henderson v. Newsome, 3:11-cv-056 (Doc. 10) (S.D. Ga. Sep. 13, 2011); Henderson v. Harris, 1:09-cv-181 (Doc. 8) (M.D. Ga. Feb. 19, 2010); Henderson v. Strickland, 1:09-cv-176 (Doc. 10) (M.D. Ga. Feb. 17, 2010); Henderson v. Barfield, 3:12-cv-029 (Doc. 16) (S.D. Ga. July 11, 2012)).
2 The pleading names Nurse Jackson, DW. Orr, Marty Allen, Lt. Clarence Johnson, Lt. Wells, Sergeant Hollis, Sergeant Miles, and Lt. Walker as parties to this action.

Valdosta State Prison by not taking him to the medical hospital or doctor for an ear infection and that someone stole his personal property. Plaintiff thus seeks the "right to appear" in federal court, punitive damages in an amount of $999,000,000,000, and relief from all the defendants in each of his civil cases now (or formerly) pending in the U.S. District Courts.

Significantly, however, Plaintiff does not allege an imminent danger of serious physical injury. Plaintiff's vague, delusional, and all too familiar, allegation of a "conspiracy to murder him . . . on each civil docket" does not warrant the Court's consideration. Plaintiff does not identify any specific threat of injury or request immediate protection. See White v. State of Colo., 157 F.3d 1226, 1231 (10th Cir. 1998) (vague allegations of harm and unspecific references to injury are insufficient invoke the exception to § 1915(g)); Taylor v. Allen, No. 07–0794, 2009 WL 1758801, at * 2 (S.D. Ala. June 16, 2009) (vague allegations do not show imminent danger).

The Court therefore finds that Plaintiff has not shown how he is now entitled to proceed *in forma pauperis* despite his three strikes. Furthermore, even if Plaintiff was entitled to proceed *in forma pauperis*, the Court finds that his vague, unintelligible, and conclusory allegations fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b). Plaintiff's Motion (Doc. 2) and Amended Motion (Doc. 5) to proceed *in forma pauperis* are therefore **DENIED** and his Complaint is **DISMISSED**. Plaintiff's pending Motion for Default Judgment (Doc. 6) is not only now **MOOT**, but also obviously frivolous as no defendant was ever served.

**SO ORDERED**, this 27th day of February, 2015.

*s/ Hugh Lawson*
HUGH LAWSON, Judge
UNITED STATES DISTRICT COURT

jlr